## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**SUNLIGHT FOUNDATION**             )
**1818 N. St. NW**                  )
**Suite 300**                       )
**Washington, DC 20036**       )
)
       **Plaintiff,**            )
)
     **v.**                    ) **Civil Action No._____**
)
**GENERAL SERVICES ADMINISTRATION** )
**1800 F. St. NW**                 )
**Washington, DC 20405**       )
)
       **Defendant.**         )
_____)

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (2011),

    for injunctive and other appropriate relief, seeking the release of agency records

    requested by the Sunlight Foundation from the General Services Administration.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over this action and personal jurisdiction over

    the parties pursuant to 5 U.S.C. § 552(a)(4)(B)(2013) and 5 U.S.C. §

    552(a)(6)(C)(i)(2013). This Court also has jurisdiction over this action pursuant to 28

    U.S.C. § 1331(2013). Venue is proper in this district under 5 U.S.C. §

    552(a)(4)(B)(2013).

### Parties

3. Plaintiff Sunlight Foundation is a nonpartisan nonprofit organization that uses the power of the Internet to catalyze greater government openness and transparency. The Sunlight Foundation runs a popular and frequently updated blog, creates tools that improve public access to government information, makes open data policy recommendations, and creates journalism and grant opportunities to dramatically expand access to vital government information to create accountability of our public officials.

4. Defendant United States Department General Services Administration ("GSA") is an agency established in the Executive Branch of the United States Government. GSA is an agency within the meaning of 5 U.S.C. § 552(f)(1)(2013).

## FACTS

5. FedBizOpps is a federal government website administered by GSA that contains the prose content of original government solicitations including the requirements, contact information for the responsible procurement officer, and intended dollar amount.

6. USASpending is a federal government website administered by the GSA that contains the ultimate amount spent on government contracts, including extensions, the total number of bids received, and the recipient.

7. While the data on USASpending is available back to 2000, contract notices in FedBizOpps are archived and no longer publicly available after their closing date.

8. All of the information requested by the Sunlight Foundation was public at some point on FedBizOpps (www.fbo.gov) but has since been archived and is no longer accessible by to the public.

9. At the time of a government solicitation, a notice appears on fbo.gov and in an aggregate XML (machine readable) format.

2

10. Later, after the solicitation is awarded, it is archived, and is no longer accessible on the website or in the aggregate XML file.

11. As discussed below, the agency has confirmed to the Sunlight Foundation that GSA has a database file that contains all solicitations.

## PROCEDURAL HISTORY

### The Sunlight Foundation Submitted a FOIA Request to the GSA for Contract Notices

12. Paragraphs 1-11 are hereby incorporated by reference as if set forth fully herein.

13. In a series of emails sent on May 16, 2013, Keil Todd of the GSA advised Sunlight Foundation employee Kaitlin Devine that the documents included in Sunlight's FOIA Request do exist and would be obtainable under the FOIA. Appendix 1.

14. On May 29, 2013, the Sunlight Foundation submitted, via email, a written FOIA request to the GSA for agency records ("Sunlight's FOIA Request"). The Sunlight Foundation requested the following agency records: a CSV, database table, JSON file or XML file of all notices posted to the FedBizOpps system from January 1, 2000 to present [May 29, 2013], excluding all classified contracting offices showing the following fields or columns: 1. Date, 2. Class Code, 3. NAICS Code, 4. Office Address, 5. Agency, 6. Point of Contact, 7. Subject, 8. Solicitation Notice, 9. Response Date, 10. Archive Date, 11. Contact, 12. Description, 13. URL, 14. Email Address, 15. Set Aside, 16. Place of Performance Address 17. Place of Performance Country, 18. Place of Performance zip code, 19. Notice Type, 20. Award Number, 21. Award Amount, 22. Line Number, 23. Award Date, 24. Awardee, 25. Awardee DUNS, 26. Statutory Authority, 27. Modification Number, 28. Fair Opportunity/Limited Sources Justification Authority, 29. Delivery/Task Order Number. Appendix 2.

3

15. Sunlight Foundation requested a fee waiver on the basis that "[d]isclosure of the requested records will further the 'public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest' of the requester, the Sunlight Foundation." Appendix 2.

**The GSA Failed to Make a Determination Regarding Sunlight Foundation's FOIA Request and Failed to Produce Documents**

16. Paragraphs 1-15 are hereby incorporated by reference as if set forth fully herein.

17. On May 29, 2013, the GSA wrote to the Sunlight Foundation via email, acknowledging the Sunlight's FOIA Request and assigning the reference number 252047. Appendix 3.

18. In its acknowledgement, GSA did not make a determination regarding Sunlight Foundation's request for a public interest fee waiver. Appendix 3.

19. In a July 10, 2013 email from GSA official Allison VanOcker, ("GSA's July 10 Email), Appendix 2, the GSA informed Sunlight Foundation that Sunlight's FOIA Request was "going to cost money" and attached a quote totaling $3165.26.  Appendix 4(a) and Appendix 4(b).

20. In GSA's July 10 Email, the agency also specified the POC [Point of Contact] information would be excluded, the agency, however did not specify a particular exemption that would apply. Appendix 4.

21. In GSA's July 10 Email, the agency made no other determination regarding Sunlight's FOIA Request – it did not specify when the request would be processed, what documents would be provided, what exemptions were being applied, or what Sunlight's appeal rights are. Appendix 4.

22. Later on July 10, 2013, Ms. Devine replied to the agency via email (Devine July 10 Email), requesting clarification regarding what information was being withheld, from which agencies, and under what exemptions. Ms. Devine also requested clarification regarding the fees being charged. Appendix 5.

23. On July 11, 2013, the agency wrote back with a list of agencies whose point of contact information would be excluded. The agency did not specify which FOIA exemption was being used to justify these exclusions. Appendix 6.

24. On July 11, 2013, Ms. Devine again emailed the agency to inquire whether or not GSA was invoking a FOIA exemption and whether or not this constituted a partial denial. Appendix 7.

25. On July 16, 2013, after not receiving a response from the agency, Ms. Devine again contacted GSA to follow up. Appendix 8.

26. On July 19, 2013, still having not received a response from the agency, Ms. Devine followed up a second time to reiterate her inquiries regarding fees and exemptions. Appendix 9.

27. The Ms. VanOcker replied on July 19, 2013, stating the agency needed time to consult internally before replying to Sunlight's FOIA Request. Appendix 10.

28. On July 26, 2013, Ms. Devine again wrote to GSA, this time to Delee Ann Yaukey, to follow up on her request, asking if there had been an update. Appendix 11.

29. On July 30, Ms. Yaukey forwarded Ms. Devine's email on to Ms. VanOcker for followup. Appendix 12.

30. On or around August 21, 2013, Ms. Devine followed up with the Ms. Youkey via phone regarding the fees. Ms. Yaukey advised Ms. Devine that after looking at Sunlight's Blog

and website (www.sunlightfoundation.com), the agency had decided to waive the $3165.26 in fees.

31. On September 10, 2013, Ms. Devine followed up another time via email with Ms. Yaukey regarding Sunlight's FOIA Request. Appendix 13.

32. Ms. Devine received an automated vacation email response from Ms. Yaukey's account.

33. On September 11, 2013, Ms. VanOcker replied to Ms. Devine via email, requesting details regarding an FTP site through which the agency could upload the response to Sunlight's FOIA Request. Appendix 14.

34. Ms. Devine replied the same day with a URL for Sunlight's FTP server and instructions. Appendix 15.

35. On September 18, 2013, Ms. Devine followed up with Ms. VanOcker via email to inform Ms. VanOcker that the agency had not yet uploaded any documents to Sunlight's FTP server and to inquire when the documents would be uploaded. Appendix 16.

36. On September 18, 2013, Ms. VanOcker replied stating that no documents had been uploaded yet and stating that email points of contact would be included for all non-Department of Defense and Department of Homeland Security contacts. Appendix 17.

37. On September 18, 2013, Ms. Devine replied to again reiterate her question about which exemption the agency was invoking, if any. Appendix 18. The agency has not responded.

**<u>Sunlight has Constructively Exhausted its Administration Remedies</u>**

38. Paragraphs 1-37 are hereby incorporated by reference as if set forth fully herein.

39. As described above, GSA never made an actual determination regarding Sunlight's FOIA Request – the agency never produced documents, indicated the scope of the

documents it would produce or when they would be produced, the exemptions it will claim, or advised Sunlight of its appeal rights.

40. GSA's failure to respond within the twenty business day statutory time limit constitutes a constructive denial of Sunlight's FOIA Request.

## COUNT I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

41. Paragraphs 1-39 above are hereby incorporated by reference as if set forth fully herein.

42. As described above, Defendant GSA's failure to respond to Sunlight's FOIA Request violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. §552 (a)(6)(A)(ii).

43. Sunlight Foundation has constructively exhausted the applicable administrative remedies with respect to Sunlight's FOIA Request. 5 U.S.C. §552 (a)(6)(C)(i).

44. Sunlight Foundation is entitled to injunctive relief compelling the release and disclosure of the requested agency documents.

## COUNT II

### Violation of FOIA: Unlawful Withholding of Agency Records

45. Paragraphs 1-44 are hereby incorporated by reference as if set forth fully herein.

46. As described above, GSA has failed to comply with statutory deadlines and failed to make responsive documents available to Sunlight Foundation.

47. As a result of GSA's unlawful delay and failure to conduct a reasonable search, the agency has withheld responsive agency records from Sunlight Foundation in violation of FOIA, 5 U.S.C. §552 (a)(3)(A).

48. Sunlight Foundation has constructively exhausted the applicable administrative remedies with respect to Sunlight's FOIA Request. 5 U.S.C. §552 (a)(6)(C)(i).

49. Sunlight Foundation is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A.  Order Defendant to conduct a reasonable search for all responsive records;

B.  Order Defendant to promptly disclose to plaintiff responsive agency records;

C.  Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. §552 (a)(4)(E); and

D.  Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

By: ___/s/Ginger P. McCall___
Ginger P. McCall (D.C. Bar #1001104)
Sunlight Foundation
1818 N St. NW
Suite 300
Washington, DC 20036
(202) 742-1520 x 273 (phone)

Dated: November 18, 2013